IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM W. FLEETWOOD, )<br>  )<br>　　　　Plaintiff, )<br>  )<br>v. )<br>  )<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>  )<br>　　　　Defendant. ) | Case No. CIV-08-1072-M |

## **REPORT AND RECOMMENDATION**

Plaintiff William Fleetwood seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should affirm the SSA's decision.

I.　　BACKGROUND

Mr. Fleetwood applied for supplemental security income and insurance benefits based on an alleged disability. Administrative Record at pp. 62I-62K, 614-17 (certified Dec. 17, 2008) ("Rec.").[1] The SSA denied the applications,[2] and the present action followed. Mr. Fleetwood alleges legal error in the assessment of medical evidence and complaints involving pain.

---

[1]　　Mr. Fleetwood had previously filed for supplemental security income and disability benefits in January 2004. *See* Rec. at pp. 62M-62O, 624-28. These applications are not involved in the present action. *See id.* at p. 15.

[2]　　Rec. at pp. 5-7, 16, 25, 38-41, 603-604, 609-10.

II.   STANDARD OF REVIEW

The Court's review entails only a determination of whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Emory v. Sullivan*, 936 F.2d 1092, 1093 (10th Cir. 1991). Evidence is substantial if it is greater than a scintilla. *See Sisco v. United States Department of Health & Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). If the SSA's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). However, a court may not reweigh the evidence or substitute its judgment for that of the SSA. *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1498 (10th Cir. 1992).

III.   THE PLAINTIFF'S ARGUMENT ABOUT CONSIDERATION OF THE MEDICAL EVIDENCE

The administrative law judge found that the Plaintiff could perform a wide range of light work. Rec. at p. 19. In explaining this assessment, the judge referred extensively to the report by a consultative physician, Gregory Morton, M.D. *Id.* at pp. 19, 21-23; *see id.* at pp. 353-57. The Plaintiff criticizes the decision for deficiencies in the judge's explanation of how he had considered the medical evidence. The Court cannot consider the argument in any meaningful fashion, however, because the Plaintiff does not say what the judge should have done differently. *See Eacret v. Barnhart*, 120 Fed. Appx. 264, 265-66 (10th Cir. Jan. 10, 2005) (unpublished op.) (stating that a disability claimant's brief was inadequate because it

did "not state specifically what errors were committed [by the administrative law judge] and why they require[d] reversal").

The Plaintiff points out that beyond Dr. Morton's consultative examination, the record contains evidence of:

- an x-ray reflecting degenerative changes of the cervical spine,
- a study showing cervical spondylosis of C4-7 and a cervical fusion at C6-7,
- test results showing degenerative disc disease at C4-5, C5-6, and C6-7 with loss of disc height and disc signal, and
- moderate disc bulging and spondylosis.

Plaintiff's Brief of His Statement of Position with Authorities at pp. 7-8 (Mar. 16, 2009). But the Plaintiff apparently does not question the fact that the judge had considered each of these items. Indeed, the judge did refer to the x-ray,[3] cervical spondylosis of C4-7 and a cervical fusion at C6-7,[4] degenerative disc disease,[5] disc bulging,[6] and evidence of spondylosis.[7]

According to the Plaintiff, the administrative law judge had failed to "provide a thorough analysis of that evidence," failed to "[a]dequate[ly] discuss[]" the medical findings, and failed to "engage in any real discussion concerning" the medical evidence. *Id*. at pp. 7-8.

---

[3]   Rec. at p. 21 ("X-rays have shown degenerative changes of the cervical spine.")

[4]   Rec. at p. 21 ("X-rays of the cervical spine on July 19, 2004 showed cervical spondylosis C4 through C7 and cervical fusion C6-C7." (citing Exhibit 8F)).

[5]   Rec. at p. 21.

[6]   Rec. at p. 21.

[7]   Rec. at p. 21 (referring to x-rays showing cervical spondylosis C4-7); *see supra* note 4.

Apart from these labels, however, the Plaintiff never said why he regarded the judge's discussion of the medical evidence to be inadequate.

The administrative law judge found that the Plaintiff had cervical and lumbar disc disease and minimal disc bulge. Rec. at p. 17.[8] And in light of the Plaintiff's allegations of cervical and lumbar pain, the judge's findings included limitations on stooping, kneeling, and crouching. *Id.* at pp. 19, 645.[9] The Plaintiff appears to believe that the judge should have discussed the medical evidence more thoroughly. But the Plaintiff never says what was

---

[8]  The administrative law judge acknowledged the reports involving cervical problems, but he also noted:

- findings from Dr. Morton that the Plaintiff's tandem walking was normal, movement on and off the examination table without difficulty, stable and safe gait, and walking without an assistive device,

- the Plaintiff's description of his ability to care for his personal needs, perform household chores, watch television, drive, run errands, and cook, and

- opinions from state agency medical consultants who had opined that Mr. Fleetwood could perform medium work with occasional kneeling in March 2004 and light work with occasional kneeling in July 2005.

Rec. at pp. 21, 23; *see id.* at pp. 76-77 (the Plaintiff's discussion of his activities in watching television), pp. 241-42 (assessment of medium work with occasional stooping in March 2004), p. 356 (Dr. Morton's report), pp. 459-60 (assessment of light work with occasional stooping in July 2005), p. 637 (the Plaintiff's testimony that he can look over his shoulder if he is driving).

[9]  During the hearing, the judge questioned the vocational expert: "There are assertions of cervical and lumbar pain, so I'm going to limit stooping, kneeling and crouching to no more than frequent. Given those limitations, would any past work be available?" Rec. at p. 645. In the written decision, the judge adhered to this statement, finding that the claimant could "frequently stoop . . . and crouch," with "frequent limitations on kneeling." *Id.* at p. 19.

missing. The Court cannot gauge the materiality of a deficiency in the written decision until the deficiency is identified. None is identified in the Plaintiff's recitation of the medical evidence.[10]

The Plaintiff points out that Dr. Morton had acknowledged:

- limited range of motion in the lumbar and cervical regions of the spine,
- reduced speed because of back pain,
- positive testing of straight leg raising in the sitting and supine positions, and
- low back pain and cervical low back pain, resulting in reduction in the range of motion.

Plaintiff's Brief of His Statement of Position with Authorities at p. 8 (Mar. 16, 2009). As noted above, however, the judge acknowledged the existence of cervical and lumbar disc disease and minimal disc bulging. Rec. at p. 17; *see supra* p. 4 & note 8. And the judge acknowledged Dr. Morton's observations involving restricted range of motion and reduction in speed because of pain. Rec. at pp. 19, 21-23. Against this backdrop, the Plaintiff states: "It is reasonable to conclude that when Dr. Morton's consultative findings are viewed in conjunction of the other objective evidence in the file, a more pessimistic finding is

---

[10] Conceivably, the claimant could argue that the administrative law judge had failed to incorporate the medical evidence into his assessment of residual functional capacity. But the Plaintiff has not made this argument. In these circumstances, speculation about possible arguments that could be raised, but were not, would be a dangerous practice. *See Eacret v. Barnhart*, 120 Fed. Appx. 264, 265-66 (10th Cir. Jan. 10, 2005) (unpublished op.) (stating that a disability claimant's combination of claims, which required the court "to comb through the briefs and the record" to ascertain the arguments and existence of error, "is a dangerous practice" because of the need "to speculate on what [the] party [was] arguing or to craft her arguments for her" (citation omitted)).

warranted." Plaintiff's Brief of His Statement of Position with Authorities at p. 8 (Mar. 16, 2009). But the Plaintiff does not identify what sort of "pessimism" would have been required by Dr. Morton's observations.

The Plaintiff's advocacy of greater "pessimism," based on undefined omissions in the written decision, would require pure guesswork in the process of judicial review. The Court has no way of knowing what type of "pessimistic finding" the Plaintiff desired or what he thinks was missing in the administrative law judge's analysis. As a result, the Court should reject the Plaintiff's challenge to the administrative law judge's consideration of the medical evidence.

IV.    THE PLAINTIFF'S ARGUMENT ABOUT THE CREDIBILITY FINDINGS

In part, Mr. Fleetwood alleges he is disabled because of his pain. Thus, the judge had to consider the evidence and decide whether he believed the Plaintiff's complaints. *See Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987). To do so, the administrative law judge was obligated to consider such factors as:

- the levels of medication and their effectiveness,
- the extent of the attempts to obtain relief,
- the frequency of medical contacts,
- the nature of daily activities,
- subjective measures of credibility that were peculiarly within the judgment of the judge, and

- the consistency or compatibility of nonmedical testimony with objective medical evidence.

*See Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991).

Mr. Fleetwood contends that the administrative law judge had relied only on Dr. Morton's findings from the consultative examination and "failed to provide or discuss the evidence showing that Fleetwood suffers from significant pain." Plaintiff's Brief of His Statement of Position with Authorities at p. 10 (Mar. 16, 2009). Mr. Fleetwood is incorrect.

In evaluating the Plaintiff's complaints of pain, the administrative law judge concluded:

> After considering the evidence of record, the [administrative law judge] finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

Rec. at p. 21. In doing so, the judge considered:

- the Plaintiff's testimony regarding his limitations owing to chronic neck pain, including decreased grip strength, numbness, and inability to perform overhead work,[11]

- the Plaintiff's daily activities, including the ability to care for his own personal needs, perform household chores, watch television, drive, run errands, and cook,[12]

---

[11]   Rec. at p. 20.

[12]   Rec. at p. 23; *see supra* note 8.

7

- the fact that the Plaintiff napped three to four times a week for 45 minutes to an hour because his pain medications made him drowsy,[13]

- medical records reflecting lumbar disc degeneration, a herniated cervical disc, and chronic pain syndrome,[14] and

- routine or conservative treatment for pain through emergency room visits and medication.[15]

Judge Parrish also stated that the Plaintiff suffered from cervical and lumbar disc disease, bulging discs, a herniated cervical disc, lumbar disc degeneration, and chronic pain syndrome. *Id.* at p. 22; *see supra* pp. 4-5. Ultimately, however, the judge found that "the allegation of significant limitations in the ability to perform basic work activities [was] not credible to the extent alleged." Rec. at p. 22.

Mr. Fleetwood obviously believes that he is disabled due to pain and alleges that the judge had failed to discuss the related evidence. But the judge did discuss the evidence involving pain and concluded that it was not disabling. *See supra* pp. 7-8. Mr. Fleetwood does not state what evidence was overlooked or identify any legal flaws in the judge's assessment of the record. Again, the generality of the Plaintiff's argument is fatal to his challenge on the credibility findings. *See supra* pp. 2-4.

V.   RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

The Court should affirm the SSA's decision.

---

[13]   Rec. at p. 20.

[14]   Rec. at p. 22.

[15]   Rec. at pp. 20, 22.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The objections are due August 7, 2009. *See* W.D. Okla. LCvR 72.1. If a party does not file written objections, he would waive any right to appellate review.[16]

VI.   STATUS OF THE REFERRAL

The referral is terminated.

Entered this 17th day of July, 2009.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[16]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").